UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:19-cv-23213-XXXX

ALLEN RODRIGUEZ,

    Plaintiff,

vs.

MASTEC, INC., and MASTEC NORTH AMERICA, INC.

    Defendants.

_____/

## COMPLAINT

Plaintiff Allen Rodriguez ("Rodriguez") hereby sues Defendants MasTec, Inc. ("MasTec"), and MasTec North America, Inc. ("MNA"), and alleges as follows:

### JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over Rodriguez's claim arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. The Court may exercise supplemental jurisdiction over Rodriguez's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

3. Pursuant to 28 U.S.C. § 1391(b), venue lies in Miami-Dade County because a substantial part of the events giving rise to these claims occurred within this District.

### THE PARTIES

4. At all times material hereto, Rodriguez was a resident of Miami-Dade County,

1

Florida.

5. MasTec and MNA are Florida Profit Corporations doing business in Florida, have offices in Florida, and maintain agents in Florida.

6. MasTec and MNA have interrelated operations, share common management, have centralized control of labor relations and have common ownership or financial control. Thus, MasTec and MNA are an integrated enterprise or employer as a matter of law. Each Defendant is a covered enterprise as a matter of law.

7. MasTec and MNA share employees, interchange employees or exercise common control over employees and work in the direct interest of one another. The related activities, performed through a unified operation and/or common control, are being done for a common business purpose. Thus, MasTec and MNA are joint employers as a matter of law.

8. All conditions precedent have been performed or were waived or excused.

## NATURE OF THE CASE

9. This is a case about the failure to pay overtime wages in violation of the FLSA.

10. MasTec and MNA employed Rodriguez, and his duties consisted primarily of installing home security systems for Defendants' customers.

11. Rodriguez's normal shift began when he arrived to his first job and ended when he left his last job.

12. From August 1, 2016, through April of 2018, Rodriguez worked on average approximately 60 hours per week, and sometimes worked more than 60 hours in a given week.

13. Supervisors, officers, and/or directors routinely instructed and even required Rodriguez to underreport the number of hours he worked.

14. From about August 1, 2016, through about August 1, 2017, Rodriguez was paid on a piece-meal basis.

15. From about August 1, 2017, through April of 2018, Rodriguez was paid $17.00 per hour.

16. MasTec and MNA failed to pay Rodriguez overtime pay for the hours he worked while on shift and in between jobs.

17. MasTec and MNA failed to pay Rodriguez for time spent at required training sessions and required personnel meetings.

### COUNT I – FLSA VIOLATION PURSUANT TO 29 U.S.C. § 216
### (Against MasTec)

18. Rodriguez incorporates paragraphs 1 through 17 as though fully set forth herein.

19. At all times material hereto, Rodriguez was a covered employee under the FLSA.

20. MasTec was at all times material hereto engaged in interstate commerce.

21. The FLSA applies to MasTec's business activities and to Rodriguez's work for MasTec in that both affected interstate commerce for the relevant time period.

22. MasTec operated, individually or collectively, as an organization which sold or marketed its services or goods to customers throughout the United States via the internet, solicited funds from sources outside Florida, accepted funds from sources outside of Florida, used telephonic transmissions and sent mail and e-mail over state lines to do business, or transmitted funds outside of Florida, or some combination thereof.

23. MasTec regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce or used instrumentalities of interstate commerce.

3

24. MasTec, upon information and belief, had, individually or collectively, gross revenues which exceeded $500,000.00 for each of the past three (3) years and has otherwise engaged in interstate commerce.

25. The services performed by Rodriguez affected interstate commerce.

26. Thus, MasTec was at all time material hereto an enterprise engaged in commerce or in the production of goods or services for commerce.

27. Rodriguez was a non-exempt employee of MasTec who worked in excess of forty (40) hours during one or more workweeks within the three (3) years of the filing of this lawsuit.

28. MasTec had notice of, or had actual knowledge of, all of the hours worked by Rodriguez, including any hours in excess of forty (40) per week.

29. MasTec failed to pay Rodriguez at the appropriate overtime rate for hours worked in excess of forty (40) per week in violation of 29 U.S.C. §§ 201-219.

30. MasTec's violations of the FLSA were willful in that it knew that it was violating the FLSA. Alternatively, MasTec acted in reckless disregard as to whether it was violating the FLSA.

31. Rodriguez is entitled to liquidated damages.

32. Rodriguez suffered damages as a result of MasTec's violations.

33. Rodriguez has retained the undersigned law firm to represent him in this action and is obligated to pay a reasonable fee and costs.

**WHEREFORE** Plaintiff Allen Rodriguez respectfully requests that the Court enter a judgment decreeing that Defendant MasTec, Inc., willfully or intentionally violated the FLSA, enjoining its violations of the FLSA, and awarding actual damages for unpaid overtime, liquidated damages, interest, attorneys' fees and costs pursuant to 29 U.S.C. § 216, and any additional relief

deemed appropriate.

## COUNT II – UNJUST ENRICHMENT
**(Against MasTec)**

34. Rodriguez incorporates paragraphs 1 through 17 as though fully set forth herein.

35. Rodriguez pleads this Count in the alternative.

36. Rodriguez conferred a benefit upon MasTec, including, but not limited to, working in excess of forty (40) hours per week.

37. MasTec had knowledge of, and voluntarily accepted, Rodriguez's services and the benefit conferred by Rodriguez.

38. MasTec knew that they should have paid Rodriguez 1.5 times his normal rate of pay for hours worked in excess of 40 hours.

39. MasTec was unjustly enriched by not paying Rodriguez all compensation to which he was entitled.

**WHEREFORE** Plaintiff Allen Rodriguez respectfully requests that the Court enter a judgment in his favor awarding damages, interest, and any additional relief deemed appropriate by the Court.

## COUNT III – QUANTUM MERUIT
**(Against MasTec)**

40. Rodriguez incorporates paragraphs 1 through 17 as though fully set forth herein.

41. Rodriguez pleads this Count in the alternative.

42. MasTec acquiesced in the provision of services by Rodriguez.

43. MasTec was aware that Rodriguez expected to be compensated.

44. MasTec failed to compensate Rodriguez and was unjustly enriched thereby.

**WHEREFORE** Plaintiff Allen Rodriguez respectfully requests that the Court enter a

judgment in his favor awarding damages, interest, and any additional relief deemed appropriate by the Court.

## COUNT IV – FLSA VIOLATION PURSUANT TO 29 U.S.C. § 216
### (Against MNA)

45. Rodriguez incorporates paragraphs 1 through 17 as though fully set forth herein.

46. At all times material hereto, Rodriguez was a covered employee under the FLSA.

47. MNA was at all times material hereto engaged in interstate commerce.

48. The FLSA applies to MNA's business activities and to Rodriguez's work for MNA in that both affected interstate commerce for the relevant time period.

49. MNA operated, individually or collectively, as an organization which sold or marketed its services or goods to customers throughout the United States via the internet, solicited funds from sources outside Florida, accepted funds from sources outside of Florida, used telephonic transmissions and sent mail and e-mail over state lines to do business, or transmitted funds outside of Florida, or some combination thereof.

50. MNA regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce or used instrumentalities of interstate commerce.

51. MNA, upon information and belief, had, individually or collectively, gross revenues which exceeded $500,000.00 for each of the past three (3) years and have otherwise engaged in interstate commerce.

52. The services performed by Rodriguez affected interstate commerce.

53. Thus, MNA was at all time material hereto an enterprise engaged in commerce or in the production of goods or services for commerce.

54. Rodriguez was a non-exempt employee of MNA who worked in excess of forty (40) hours during one or more workweeks within the three (3) years of the filing of this lawsuit.

55. MNA had notice of, or had actual knowledge of, all of the hours worked by Rodriguez, including any hours in excess of forty (40) per week.

56. MNA failed to pay Rodriguez at the appropriate overtime rate for hours worked in excess of forty (40) per week in violation of 29 U.S.C. §§ 201-219.

57. MNA's violations of the FLSA were willful in that it knew that it was violating the FLSA. Alternatively, MNA acted in reckless disregard as to whether it was violating the FLSA.

58. Rodriguez is entitled to liquidated damages.

59. Rodriguez suffered damages as a result of MNA's violations.

60. Rodriguez has retained the undersigned law firm to represent him in this action and is obligated to pay a reasonable fee and costs.

**WHEREFORE** Plaintiff Allen Rodriguez respectfully requests that the Court enter a judgment decreeing that Defendant MasTec North America, Inc., willfully or intentionally violated the FLSA, enjoining its violations of the FLSA, and awarding actual damages for unpaid overtime, liquidated damages, interest, attorneys' fees and costs pursuant to 29 U.S.C. § 216, and any additional relief deemed appropriate.

**COUNT V – UNJUST ENRICHMENT**
**(Against MNA)**

61. Rodriguez incorporates paragraphs 1 through 17 as though fully set forth herein.

62. Rodriguez pleads this Count in the alternative.

63. Rodriguez conferred a benefit upon MNA, including, but not limited to, working in excess of forty (40) hours per week.

64. MNA had knowledge of, and voluntarily accepted, Rodriguez's services and the benefit conferred by Rodriguez.

65. MNA knew that it should have paid Rodriguez 1.5 times his normal rate of pay for hours worked in excess of 40 hours.

66. MNA was unjustly enriched by not paying Rodriguez all compensation to which he was entitled.

**WHEREFORE** Plaintiff Allen Rodriguez respectfully requests that the Court enter a judgment in his favor awarding damages, interest, and any additional relief deemed appropriate by the Court.

### COUNT VI – QUANTUM MERUIT
### (Against MNA)

67. Rodriguez incorporates paragraphs 1 through 17 as though fully set forth herein.

68. Rodriguez pleads this Count in the alternative.

69. MNA acquiesced in the provision of services by Rodriguez.

70. MNA was aware that Rodriguez expected to be compensated.

71. MNA failed to compensate Rodriguez and was unjustly enriched thereby.

**WHEREFORE** Plaintiff Allen Rodriguez respectfully requests that the Court enter a judgment in his favor awarding damages, interest, and any additional relief deemed appropriate by the Court.

### DEMAND FOR JURY TRIAL

Plaintiff Allen Rodriguez hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By: /s/ *Alejandro F. Garcia*
Alejandro F. Garcia, Esq.

Florida Bar No. 98505
agarcia@rgmlawfirm.com
service@rgmlawfirm.com
RAMHOFER GARCIA & MOORE, PLLC
11900 Biscayne Blvd.
Suite 742
North Miami, FL 33181
Telephone: (305) 481-9733
Facsimile: (954) 697-0341
*Attorneys for Plaintiff*